IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS STEVEN KULIKOWSKI | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0640-L |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Dennis Steven Kulikowski, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner was released to parole after serving part of an eight-year sentence for possession of a controlled substance. While on release, petitioner was indicted on a felony charge of criminal mischief. That case is still pending. In December 2009, petitioner's parole was revoked based on the new charge. Petitioner now seeks federal habeas relief on the grounds that he was denied due process, equal protection of the laws, and effective assistance of counsel in connection with his parole revocation.

On April 12, 2010, the court sent written interrogatories to petitioner to determine whether these claims were raised in state court. Petitioner answered the interrogatories on April 22, 2010. The court now determines that this case should be dismissed for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). To exhaust state remedies, a Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Petitioner has never presented any of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. (*See* Mag. J. Interrog. #4). Although petitioner filed a motion to reopen his revocation hearing, such a motion does not satisfy the exhaustion requirement. *See Hardemon v. Quarterman*, No. 3-06-CV-1630-N, 2006 WL 3372525 at *1 n.1 (N.D. Tex. Nov. 17, 2006) (noting that motion to reopen parole revocation hearing filed with Texas parole board does not suffice to exhaust state remedies).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE